STELLE R. BLACKFORD, PLAINTIFF IN ERROR, v. PLAIN-FIELD GASLIGHT COMPANY, DEFENDANT IN ERROR.

1. When a jury is waived and an issue of fact is tried before a court, the findings of fact are not reviewable on writ of error.

2. An agreement made by the holder of an execution levied on personal property, to pay the rent of the premises in which such property was when levied on, (notice of the rent having been given by the landlord to the sheriff, requiring payment before removal of the property, pursuant to *Rev.*, p. 571, ? 5,) in consideration of the landlord's waiving his right and consenting to a sale, is not an agreement without consideration; nor is it an agreement void by the statute of frauds.

---

The judgment removed by this writ was rendered in an action of *assumpsit*, brought in the Supreme Court by the defendant in error against the plaintiff in error. The issues joined in the action were tried in the Union Circuit, before Mr. Justice Van Syckel, a jury having been waived. The justice, upon a finding of facts filed in the cause, gave the *postea* to the plaintiff below, and judgment was thereon rendered against Blackford for $331.50, besides costs.

For the plaintiff in error, *Charles W. Kimball.*

For the defendant in error, *E. W. Runyon.*

The opinion of the court was delivered by

MAGIE, J.   The assignment of errors advances three objections to the judgment appearing in this record.   The first relates to the insufficiency of the declaration, in point of law, to sustain the judgment.   The second challenges the propriety of the refusal to non-suit the plaintiff below, which refusal was duly excepted to.   The third relates to the judgment, which, it is insisted, upon the finding of facts, ought to have been entered for the defendant below.

I. In considering the errors thus alleged, it will be convenient to commence with that relating to the refusal to non-suit.

At the time the motion was made, it had appeared by the evidence that the plaintiff below was the landlord of certain leased premises in the city of Plainfield, whereon was certain personal property belonging to John D. Titsworth or to the firm of Titsworth & Blackford.   On January 7th, 1879, the sheriff of Union county levied on that personal property, by virtue of executions against the owners.   At that time there was ten months' rent due, and the landlord gave due notice to the sheriff, pursuant tŏ the statute, (*Rev.*, *p.* 571, § 5,) requiring the payment of that amount of rent before the removal of any of the property.   It had also appeared that, at the time fixed for the sale of the property under the executions, the defendant below (who was the father of one of the owners) purchased and took an assignment of one of the judgments under which the levy had been made.   At that time the landlord's notice had been given.   The sheriff thereupon declared that he could not proceed to sell unless the rent named in the notice was paid.   Thereupon the defendant below agreed to pay the rent named in the notice, if the plaintiff below would permit the sale to go on without such prior payment of the rent.   Such an arrangement was then made, and the plaintiff below waived his right to the prior payment of the rent, and permitted the property to be sold by the sheriff. It was bought by the defendant below, at a mere nominal price.

It is now insisted that the motion to non-suit ought to have been granted, because it is claimed the evidence shows the real agreement between the parties included an undertaking, on the part of the plaintiff below, not to bid at the sheriff's sale, and that such a contract is absolutely void as against public policy, so that it cannot be enforced. It is sufficient to say, upon this point, that if there was any evidence justifying such a conclusion, there was also evidence free from any conflict or doubt on that subject, and establishing, if believed, that the agreement between the parties did not include any undertaking, on the part of the plaintiff below, to abstain from bidding at the sheriff's sale. There was therefore no ground to ask a non-suit. It was for the court below to determine, if there was a conflict in the evidence, where the weight and credibility was; and if there was any evidence to support the court's finding, as in fact there was, we cannot disturb it.

II. The objections made to the judgment, as not supported by the finding, must be considered in a more restricted view than that taken in the brief for plaintiff in error. The issues were tried before a judge, and his finding of the facts is not reviewable by writ of error. All that we can do, in reviewing a case thus tried, is to determine whether the facts found are sufficient to support the judgment. *Columbia Del. Bridge Co.* v. *Geisse*, 9 *Vroom* 39; *S. C.*, 9 *Vroom* 580; *City of Elizabeth* v. *Hill*, 10 *Vroom* 555.

So we cannot consider whether or not, as is insisted, the evidence really shows that the agreement between the parties involved an undertaking on the part of the defendant below not to bid at the sheriff's sale. The finding of the judge was distinctly to the contrary, and his finding on this review is final.

Taking this finding to be thus unreviewable, we are compelled to say that there is nothing in the further objections of the plaintiff in error on this subject. The agreement which the judge finds was actually made, and which is substantially stated in the above-mentioned evidence, put in before motion to non-suit, is clearly not without consideration. The plaintiff's right to rent was paramount to the lien of defendant's

assigned judgment. The latter could not enforce his judgment without first paying, or becoming liable to pay, the rent. If he became the purchaser, it would seem that he could not remove the property without a prior payment. *Van Horn* v. *Göken*, 12 *Vroom* 399. The plaintiff, therefore, by waiving his right to be first paid, not only relinquished a valuable thing, to his injury, but the defendant acquired thereby a benefit moving to himself—that is, the right to sell and remove without first paying the rent.

Nor is there anything in the further objection that the contract made was void, under the statute of frauds, as being a contract to pay the debt of another, and not in writing, &c. In the acute and well-reasoned opinion of the Chief Justice in *Cowenhoven* v. *Howell*, 7 *Vroom* 323, in was held in the Supreme Court that while a promise to pay the debt of another, founded only on a consideration of loss, injury or detriment to the promisee, would be void by the statute, yet such a promise, founded on a consideration beneficial to the promisor, would be unaffected by the statute. Assuming that view to be correct—and the plaintiff in error could ask no more—the promise in this case must be held to be unaffected by the statute. The finding of the judge settles that the promise to pay the rent was made upon a consideration manifestly beneficial to the promisor.

III. There only remains to consider the first error assigned, relating to the declaration. It consisted of a special and the common counts. The special count sets out the defendant's agreement to pay plaintiff the rent of which notice had been given. But it avers that the promise was made upon the consideration that the defendant was to buy in the goods at the sheriff's sale, at a nominal price. The finding of the judge upon the evidence is that the promise was made upon another consideration, viz., the waiving by plaintiff of his right to be first paid the rent before sale. The objection now made does not seem to have been made below. Nor is there any reason to suppose defendant was prejudiced by the alleged error in the declaration. The evidence relating to the con-

tract as found by the judge was not objected to when offered. Under such circumstances, a mere technical objection of this sort cannot prevail. The act respecting amendments, as expounded by this court in *American Popular Life Ins. Co.* v. *Day,* 10 *Vroom* 89, permits an amendment even at this stage in the cause. Such an amendment ought to be made, if necessary to show the real question in controversy and actually tried between the parties. That the real question was tried, there can be no doubt. The defendant in error may therefore amend by making the special count of his declaration conform to the contract found by the judge to have been made, or by adding a new count to that effect. The judgment below should then be affirmed.

*For affirmance*—THE CHIEF JUSTICE, DEPUE, DIXON, MAGIE, PARKER, REED, SCUDDER, CLEMENT, COLE, DODD, GREEN. 11.

*For reversal*—None.